UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE CITY OF SEATTLE,

    Plaintiff,

v.

SAUK-SUIATTLE TRIBAL COURT; JOSH WILLIAMS, in his official capacity as Sauk-Suiattle Tribal Court chief judge; JACKIE VARGAS, in her official capacity as Sauk-Suiattle Tribal Court clerk; and SAUK-SUIATTLE INDIAN TRIBE,

    Defendants.

Case No.

PLAINTIFF THE CITY OF SEATTLE'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff The City of Seattle (the "City"), by and through its undersigned counsel, brings this action for declaratory and injunctive relief to prevent the unlawful exercise of jurisdiction over the City by Defendants Sauk-Suiattle Tribal Court ("Tribal Court"), Josh Williams in his official capacity as Sauk-Suiattle Tribal Court chief judge,[1] Jackie Vargas in her official capacity as Sauk-Suiattle Tribal Court clerk, and the Sauk-Suiattle Indian Tribe ("Sauk-Suiattle") (collectively, "Tribal Defendants").

---

[1] On January 26, 2022, the City received a notice of hearing from the Sauk-Suiattle Tribal Court clerk Jackie Vargas that lists Josh Williams as the Chief Judge of the Sauk-Suiattle Tribal Court. *See* Notice of Hearing, *Sauk-Suiattle Indian Tribe v. City of Seattle*, Case No. SAU-CIV-01/22-001 (Sauk-Suiattle Tribal Ct. Jan. 26, 2022) (attached hereto as Exhibit B).

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.            - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE  +1 206 623 7580
FACSIMILE: +1 206 623 7022

## I.  INTRODUCTION

1. On January 6, 2022, Sauk-Suiattle filed a civil complaint for declaratory relief against the City in Tribal Court.  *See* Amended Civil Complaint for Declaratory Judgment, *Sauk-Suiattle Indian Tribe v. City of Seattle*, Case No. SAU-CIV-01/22-001 (Sauk-Suiattle Tribal Ct. Jan. 18, 2022) (the "Tribal Court Complaint") (attached hereto as Exhibit A).[2]  Sauk-Suiattle filed its suit in its capacity as a tribal nation and as the Sahkuméhu for and on behalf of Tsuldax$^w$ (salmon).[3]

2. The Tribal Court Complaint concerns the City's operation of the Skagit River Hydroelectric Project, Federal Energy Regulatory Commission ("FERC") Project No. 553 (the "Project") and the alleged effects of the Project's dams, reservoirs and generating facilities (collectively, the "Project Dams") on, *inter alia*, Sauk-Suiattle's usufructuary fishing rights.

3. Tribal courts lack jurisdiction over nonmembers' conduct that occurs off-reservation.  *See Philip Morris USA, Inc. v. King Mountain Tobacco Co.*, 569 F.3d 932, 937–38 (9th Cir. 2009).  Even within the boundaries of a tribal reservation, the inherent authority of tribal courts does not extend to nonmembers unless one of the two narrow exceptions articulated by the U.S. Supreme Court in *Montana v. United States*, 450 U.S. 544, 565–66 (1981), apply.  Here, the Tribal Court has no authority over the City and the Tribal Court Complaint because the City is not a member of the Sauk-Suiattle Tribe and all of the alleged conduct Sauk-Suiattle complains of occurs off-reservation.  Moreover, even if Sauk-Suiattle were able to show that there was conduct that occurred on the Sauk-Suiattle Reservation or fee land within Sauk-Suiattle Reservation boundaries, neither of the *Montana* exceptions apply.

4. This Complaint seeks a declaratory judgment, as well as injunctive and other relief, pursuant to 28 U.S.C. §§ 2201–2202 to prevent the Tribal Defendants' unlawful exercise of jurisdiction over the City in connection with the Tribal Court Complaint.

---

[2] Sauk-Suiattle filed an amended complaint on January 18, 2022.
[3] According to the Tribal Court Complaint, Sahkuméhu denotes the Sauk-Suiattle and Tsuldax$^w$ means salmon in Lushootseed.  Ex. A at A-1 n.2.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.           - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

5.  Because there is no plausible or colorable assertion of tribal jurisdiction over the City, exhaustion of tribal remedies is not required before this Court can and should grant the City's request for declaratory and injunctive relief.

## II.  JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 852 (1985) ("The question whether an Indian tribe retains the power to compel a non-Indian property owner to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a 'federal question' under § 1331.").

7.  Venue is proper in this action pursuant to 28 U.S.C. § 1391(b), in that the City's claims for relief arose in the Western District of Washington (the "District"), and Tribal Defendants are located in this District.

## III.  PARTIES

8.  The City is a municipal corporation in King County, Washington. *See* Seattle Charter, art. I, § 1. The City operates an electric utility through its City Light Department. *See* Seattle Municipal Code ("SMC") 3.08.010 ("There shall be a City Light Department, consisting of the municipal light and power system"); *see also* SMC Chap. 21.49.

9.  The Tribal Court is the tribal justice system created by Sauk-Suiattle pursuant to Sauk-Suiattle's Law and Order Code. *See* Sauk-Suiattle Indian Tribe, Law and Order Code, https://sauk-suiattle.com/Documents/Law%20and%20Order%20code%202017.pdf (last visited Feb. 7, 2022 at 10:55 a.m.). The adjudicatory authority of Sauk-Suiattle is vested in the Tribal Court. *See id.* at § 2.010.

10.  Chief Judge Josh Williams is the Tribal Court judge assigned to the Tribal Court Complaint.[4]

---

[4] *See* Ex. B.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.          - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  11. Jackie Vargas is the Sauk-Suiattle Tribal Court clerk.[5]

2  12. Sauk-Suiattle is a federally recognized Indian Tribe organized pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. § 461 *et seq.*, located in the State of Washington. Sauk-Suiattle's Reservation is located within the District, and the Tribal Defendants' principal place of business is 5318 Chief Brown Lane, Darrington, Washington 98241.

### IV. FACTUAL BACKGROUND

#### A. The Federal Power Act

13. Under the Federal Power Act ("FPA"), FERC has broad, comprehensive authority to regulate the Project. *See* 16 U.S.C. § 791a *et seq.*; *California v. FERC*, 495 U.S. 490, 496, 110 S. Ct. 2024 (1990) (holding that the FPA establishes a "broad federal role in the development and licensing of hydroelectric power"). Specifically, the FPA authorizes FERC "to issue licenses . . . for the purpose of constructing, operating, and maintaining dams, water conduits, reservoirs, power houses, transmission lines, or other project works necessary or convenient . . . for the development, transmission, and utilization of power across, along, from, or in any of the streams or other bodies of water over which Congress has jurisdiction." 16 U.S.C. § 797(e).

14. A FERC license imposes conditions on the operator of a hydroelectric project to ensure "the adequate protection, mitigation, and enhancement of fish." *See* 16 U.S.C. § 803(a)(1). Section 18 requires FERC to order a licensee to construct, maintain, and operate fishways if prescribed by either the federal Secretary of Commerce or the Interior. *See id.* § 811.

15. Section 313 of the FPA establishes the procedure a party must follow to seek redress when it is aggrieved by an order issued by FERC. *See* 16 U.S.C. § 825l. An aggrieved party has 30 days after FERC issues its order licensing a hydroelectric project to request rehearing. *See id.* § 825l(a). The aggrieved party then has 60 days to petition for review to "the United States court of appeals for any circuit wherein the licensee or public utility to which the order relates is

---

[5] *Id.*

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.            - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

located or has its principal place of business . . . [or] the United States Court of Appeals for the District of Columbia[.]" *See id.* § 825l(b). The United States Courts of Appeals accordingly have "exclusive" jurisdiction "to affirm, modify, or set aside" FERC's orders. *Id.*; *see City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958) ("[A]ll objections to [a FERC] order, to the license it directs to be issued, and to the legal competence of the licensee to execute its terms, must be made in the Court of Appeals or not at all.").

  **B.**  **The Project**

  16.  The City, through its City Light department, owns and operates the Project under a license issued and administered by FERC under the FPA. The Project is located on the Skagit River. *See* Order Accepting Settlement Agreement, Issuing New License, and Terminating Proceeding, 71 FERC 61,159, 61,527 (May 16, 1995), 1995 WL 301337 ("1995 Relicensing Order") (attached hereto as Exhibit C). Sauk-Suiattle's Reservation is located in Skagit and Snohomish counties. *See* U.S. Census Bureau, 2020 Census - Tribal Tract Map: Sauk-Suiattle Reservation (Jun. 14, 2021) ("2020 Census Map").[6] The Project Dams are not located on Sauk-Suiattle Reservation land or fee lands within the Sauk-Suiattle Reservation. The Project Dams are not located on any of the water bodies where Sauk-Suiattle has adjudicated treaty fishing rights. *See United States v. Washington*, 384 F. Supp. 312, 376 (W.D. Wash. 1974) ("*Boldt Decree*") (determining that Sauk-Suiattle's usual and accustomed fishing places "included Sauk River, Cascade River, Suiattle River and the following creeks which are tributary to the Suiattle River— Big Creek, Tenas Creek, Buck Creek, Lime Creek, Sulphur Creek, Downey Creek, Straight Creek, and Milk Creek," as well as "Bedal Creek, tributary to the Sauk River"); *see also* Order on Pending Motions at 9–13, *United States v. Washington*, No. C70-9213 RSM, ECF 47 (W.D. Wash. Oct. 26, 2021) (determining that the Skagit River was "unambiguously" and "intentionally" omitted

---

[6] *See* https://www2.census.gov/geo/maps/DC2020/TribalTract/r3625_sauk-suiattle/DC20TT_FR3625.pdf.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.          - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

from the list of Sauk-Suiattle's usual and accustomed fishing places) ("*Sauk-Suiattle Sub-proceeding*").

17. The Project has operated since the early 1920s. 1995 Relicensing Order at 61,554.[7] In 1927, FERC's predecessor agency, the Federal Power Commission ("FPC"), licensed the Project for 50 years. *See* Federal Power Commission, License on Government Lands, Project No. 553, Washington, City of Seattle (Oct. 28, 1927) ("1927 License") (attached hereto as Exhibit D)[8]; *see also* 1995 Relicensing Order at 61,527.[9] Sauk-Suiattle has availed itself of FERC's pervasive jurisdiction over the Project since at least 1978, entering into a 1981 settlement agreement with the City that established a flow regime and required flow-related fishery studies. Order Conditionally Approving Interim Offer of Settlement, 15 FERC 61,144 at 61,329 (May 12, 1981), 1981 WL 35104 (attached hereto as Exhibit E)[10]; *see also* 1995 Relicensing Order at 61,527.[11] Sauk-Suiattle expressly accepted the conditions that FERC imposed on its approval of the settlement. Order Declaring Interim Settlement Effective and Partially Releasing a Condition, 16 FERC 61,044 at 61,078 (July 24, 1981), 1981 WL 33308 (attached hereto as Exhibit F).[12]

18. Approximately ten years later, in the proceeding on the City's application for a new license to replace the expired 1927 license, the City, Sauk-Suiattle, and others reached multiple settlement agreements, resolving "all issues related to [P]roject operation[s], fisheries, wildlife, recreation and aesthetics, erosion control, archaeological and historic resources, and traditional cultural properties." 1995 Relicensing Order at 61,527, 61,529.[13] Sauk-Suiattle signed onto the over-arching Offer of Settlement and the Fisheries Settlement Agreement (the "Fisheries Settlement Agreement"). *Id.* at 61,529[14]; *see also* Offer of Settlement at 1, Skagit River

---

[7] Ex. C at C-54.
[8] Ex. D at D-6.
[9] Ex. C at C-2.
[10] Ex. E at E-2, E-3.
[11] Ex. C at C-3.
[12] Ex. F at F-1.
[13] Ex. C at C-3.
[14] Ex. C at C-3.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.        - 6 -

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Hydroelectric Project No. 553, Dkt. No. EL 78-36 (FERC 1991) (attached hereto as Exhibit G).[15] The Fisheries Settlement Agreement established the City's "obligations relating to fishery resources affected by the project, including numerous provisions to protect resident and migratory fish species." 1995 Relicensing Order at 61,530.[16] FERC adopted the Fisheries Settlement Agreement through the 1995 Relicensing Order, which authorized maintenance and operation of the Project for another 30 years. *See id.* at 61,532.[17] For the duration of the license, the Fisheries Settlement Agreement "establishes [the City's] obligations relating to fishery resources affected by the [P]roject." *Id*. at 61,530, 61,532.[18]

19. Although the Secretaries of Commerce and the Interior could have required that the 1995 license include construction, maintenance, and operation of fishways, those agencies chose not to require fishways. Instead they, "along with" the other settling parties, including Sauk-Suiattle, concurred "all issues concerning environmental impacts from relicensing of the Project, as currently constructed, are satisfactorily resolved[.]" *Id*. at 61,535.[19] FERC, therefore, did not require the City to construct and operate fishways at the Project, though FERC reserved its "authority to require fish passage in the future, should circumstances warrant" and "after notice and opportunity for hearing." *Id*. at 61,535, n.28.[20]

20. The 1995 Relicensing Order provided a 30-year license that will expire in 2025. Since early 2020, the City has been engaged in a multi-year FERC process to obtain a new license. Numerous federal and state resource agencies, affected Tribes (including Sauk-Suiattle), and interested parties are actively involved and again, fisheries issues are an important part of the

---

[15] Ex. G at G-319.
[16] Ex. C at C-8.
[17] Ex. C at C-26.
[18] Ex. C at C-8, C-14, C-15.
[19] Ex. C at C-18, C-19.
[20] Ex. C at C-19. In 2011, Sauk-Suiattle, City Light and other parties to the Fisheries Settlement Agreement revised it, but again did not require fishways. *See* Revised Fisheries Settlement Agreement, Skagit River Hydroelectric Project, FERC No. 553, at 2 (Jan. 2011) (attached hereto as Exhibit H, at H-10). FERC incorporated the Revised Fisheries Settlement Agreement into the Project's License by *Order Amending License and Revising Annual Charges,* 144 FERC ¶ 62,044 (2013) at Ordering Paragraph (H) (revising Art. 404) (attached hereto as Exhibit I). *Id.* at para. 34.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.        - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

process. *See* Study Plan Determination for the Skagit River Hydroelectric Project dated July 16, 2021 ("Study Plan Determination") (attached hereto as Exhibit J). Sauk-Suiattle commented on several aspects of the proposed study plan (*id.* at 1, 2, B-3, B-5, B-30),[21] and the plan includes a study of the feasibility of fish passage at the Project. *Id.* at A-1–A-4.[22]

### C. The Tribal Court Complaint is Sauk-Suiattle's Third Attempt in Seven Months to Impermissibly, and Unsuccessfully, Litigate Fish Passage at the Project

21. The Tribal Court Complaint is Sauk-Suiattle's third attempt since June 2021 to collaterally attack the Project's FERC license through an impermissible challenge to the City's operation and maintenance of the Project.

22. On or about June 30, 2021, Sauk-Suiattle filed its first lawsuit against the City in the Skagit County Superior Court, which the City removed to the Western District of Washington pursuant to 28 U.S.C. § 1441(a). *See* Notice of Removal to Federal Court, *Sauk-Suiattle Indian Tribe v. City of Seattle*, Case No. 2:21-cv-1014, ECF 1 (W.D. Wash. July 29, 2021). Sauk-Suiattle's complaint sought declaratory relief that the presence and operation of the Gorge Dam (one of the Project's three dams) without fish passage violated the constitutions of Washington and the United States, in addition to state and federal law. *Id*. at 2. On December 2, 2021, this Court granted the City's Motion to Dismiss. *See* Order Granting Motion to Dismiss at 2, *Sauk-Suiattle Indian Tribe v. City of Seattle*, Case No. 2:21-cv-1014, ECF 21 (W.D. Wash. Dec. 2, 2021) (attached hereto as Exhibit K). The Court agreed with the City that Sauk-Suiattle's action was an impermissible attack on the City's FERC license in violation of Section 313 of the FPA, and dismissed Sauk-Suiattle's action because the Court lacked jurisdiction to hear any of Sauk-Suiattle's claims. *Id*. at 14. Sauk-Suiattle has appealed the Court's dismissal to the Ninth Circuit. *See* Notice of Appeal, *Sauk-Suiattle Indian Tribe v. City of Seattle*, Case No. 2:21-cv-1014, ECF 22 (W.D. Wash. Dec. 13, 2021).

---

[21] Ex. J at J-1, J-2, J-10, J-12, J-37.
[22] Ex. J at J-4– J-7.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.          - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

23. Sauk-Suiattle filed its second lawsuit against the City on September 17, 2021, and subsequently filed an amended complaint on November 19, 2021, this time in King County Superior Court. *See* Am. Compl. for Violations of Consumer Protection Act and for Certification as a Class Action and for Declaratory and Injunctive Relief, *Sauk-Suiattle Indian Tribe v. City of Seattle*, Case No. 21-2-12361-5 SEA, Dkt. 24 (King Cnty. Sup. Ct. Nov. 19, 2021). Sauk-Suiattle claimed that the City's statements regarding its operation of the Project without fish passage (1) amount to "greenwashing" in alleged violation of Washington's Consumer Protection Act, Chap. 19.86 RCW (the "CPA"), and (2) are a public and private nuisance in violation of state law. On January 14, 2022, at the conclusion of oral argument on the City's Motion to Dismiss, the court ruled that Sauk-Suiattle's claims lacked merit and granted the City's Motion to Dismiss. *See id.* Dkt. 37.[23] On January 20, 2022, Sauk-Suiattle filed a Notice of Appeal to the Washington Court of Appeals, Division I. *See id*. Dkt. 38.

24. On January 6, 2022, Sauk-Suiattle filed the Tribal Court Complaint in Tribal Court. The Tribal Court Complaint contains four claims. Tribal Court Complaint at 14-15.[24] First, Sauk-Suiattle claims that the Project Dams obstruct salmon in violation of the Treaty-based usufructuary property interests of Sauk-Suiattle and its members in contravention of the 1855 Treaty of Point Elliott ("1855 Treaty"). *Id.* at 14. Second, Sauk-Suiattle argues that the City's "blockage of water" constitutes an "arbitrary and capricious seizure" of salmon habitat and Sauk-Suiattle's water property rights in violation of the Fourth Amendment. *Id.* at 14-15. Third, Sauk-Suiattle argues that the City's operation of the Project has infringed upon its members' "religious and cultural practices" that are protected by the 1855 Treaty, the American Indian Religious Freedom Act, and the First Amendment. *Id.* at 15. And fourth, Sauk-Suiattle argues that the City's alleged disclaiming of responsibility for salmon decline has a "direct and proximate result of citizens

---

[23] Judge McCoy ruled from the bench. As directed by the court, the parties are currently drafting a joint proposed order dismissing the case.
[24] *See* Ex. A.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.             - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  placing the blame" on Sauk-Suiattle, which constitutes fraud and intentional or negligent infliction of emotional distress. *Id*.

25. Sauk-Suiattle invoked the Tribal Court's jurisdiction under "the inherent tribal sovereignty of the Sauk-Suiattle Indian Tribe, the Constitution and Bylaws of the Sauk-Suiattle Indian Tribe, the Law and Order Code of the Sauk-Suiattle Indian Tribe, *Montana v. United States*, 450 U.S. 544 (1981), and the natural laws of the Sauk-Suiattle Indian Tribe." *Id*. at 10.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Declaratory Judgment**

26. Plaintiff re-alleges and incorporates by reference herein all allegations previously made in paragraphs 1 through 25 above.

27. An actual and justiciable controversy currently exists between the City and Sauk-Suiattle concerning the Tribal Court's jurisdiction over the City and the Tribal Court Complaint. A declaration by this Court as to the Tribal Court Complaint would terminate the controversy giving rise to this cause of action.

28. Tribal courts lack jurisdiction over nonmembers' conduct that occurs off-reservation. *See Philip Morris USA, Inc. v. King Mountain Tobacco Co.*, 569 F.3d 932, 938 (9th Cir. 2009). Even within the boundaries of a tribal reservation, the inherent authority of tribal courts does not extend to nonmembers unless one of the two narrow exceptions articulated by the U.S. Supreme Court in *Montana v. United States*, 450 U.S. 544, 565–66 (1981), apply. First, "the tribe may regulate . . . the activities of nonmembers who enter consensual relationships with the tribe or its members." *Montana,* 450 U.S. at 565. Second, the U.S. Supreme Court stated that tribes may regulate "the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some **direct effect** on the political integrity, the economic security, or the health and welfare of the tribe." *Id.* at 566 (emphasis added).

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.        - 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

29.     The Tribal Court lacks jurisdiction over the City and the Tribal Court Complaint because the City is not a member of the Sauk-Suiattle Tribe and the City's conduct at issue in the Tribal Court Complaint did not occur on Sauk-Suiattle's Reservation or on fee lands within the boundaries of the Sauk-Suiattle Reservation.  The City's operation of the Project Dams and allegedly tortious actions are all conduct that occurs off-reservation.  The Tribal Court simply has no jurisdiction over the issues raised in the Tribal Court Complaint.  *See id.* at 565.

30.     Even assuming, *arguendo*, that there was conduct that occurred on the Sauk-Suiattle Reservation or fee land within Reservation boundaries (there was not), neither of the *Montana* exceptions apply.  First, there is no consensual relationship between the City and the Sauk-Suiattle Tribe that would give rise to the Tribe having regulatory or adjudicatory authority over the City.  Second, the City's off-reservation conduct cannot threaten or have any direct effect on the political integrity, economic security, or health and welfare of Sauk-Suiattle.

31.     The Tribal Court Complaint exceeds the adjudicatory authority that the Tribal Court is permitted to exercise under federal law.

32.     The City is entitled to a declaratory judgment that the Tribal Court lacks jurisdiction over the City and the Tribal Court Complaint.

## SECOND CLAIM FOR RELIEF

### Injunctive Relief

33.     Plaintiff re-alleges and incorporates by reference herein all allegations previously made in paragraphs 1 through 32 above.

34.     The City has been sued in Tribal Court.[25]  The City has no adequate or timely remedy at law to address the Tribal Court's unlawful exercise of authority over the City in relation to the Tribal Court Complaint, and this action is the City's only means for securing relief.

---

[25] Out of an abundance of caution, counsel for the City entered a limited notice of appearance in Tribal Court for the purpose of filing a motion to dismiss based on the Tribal Court's lack of jurisdiction.  The City's motion to dismiss was filed in Tribal Court on February 4, 2022.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.       - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

35. While a party challenging tribal court jurisdiction in federal court generally needs to exhaust its tribal court remedies first, *see Nat'l Farmers Union Ins.*, 471 U.S. at 857, exhaustion is not required where, as here, it is plainly clear that the tribal court lacks jurisdiction. *Strate v. A-1 Contractors*, 520 U.S. 438, 459 n.14 (1997).

36. There is no plausible or colorable assertion of the Tribal Court's jurisdiction against the City for two reasons, and exhaustion of tribal court remedies is therefore not required. First, Sauk-Suiattle's claim is, at bottom, an impermissible attack on the City's FERC license in violation of Section 313 of the FPA, 42 U.S.C. § 825l(b). Federal appellate courts have exclusive jurisdiction over challenges to FERC orders. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336, 78 S. Ct. 1209, 2 L.Ed.2d 1345 (1958); Order Granting Motion to Dismiss at 14, *Sauk-Suiattle Indian Tribe v. City of Seattle*, Case No. 2:21-cv-1014, ECF 21 (W.D. Wash. Dec. 2, 2021).[26] Sauk-Suiattle's claims in the Tribal Court Complaint represent an impermissible "veiled challenge" to the City's license 25 years too late. *Pub. Watchdogs v. S. California Edison Co., Inc.*, 984 F.3d 744, 765 (9th Cir. 2020).

37. Second, all of the City's actions challenged by Sauk-Suiattle in its Tribal Court Complaint occur off-reservation. Supreme Court precedent clearly provides that the Tribal Court does not have jurisdiction over nonmember activities occurring outside the boundaries of the Sauk-Suiattle Reservation. *See Montana*, 450 U.S. at 565.

38. Because there is no colorable assertion of the Tribal Court's jurisdiction against the City, exhaustion of tribal court remedies is not required, *see King Mountain Tobacco Co.*, 569 F.3d at 945, and the City is entitled to injunctive relief enjoining the Tribal Defendants from proceeding with and adjudicating the Tribal Court Complaint against the City.

## VI.  REQUEST FOR RELIEF

WHEREFORE, the City respectfully requests the following relief:

A. A declaratory judgment pursuant to 18 U.S.C. § 2201 that the Tribal Court does

---

[26] Ex. K at K-14.

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.      - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

not have jurisdiction over the City in the action currently filed in Tribal Court or in any other Sauk-Suiattle administrative or judicial forum;

  B. A preliminary injunction pursuant to Fed. R. Civ. P. 65 enjoining the Tribal Defendants from further proceeding against the City in Tribal Court;

  C. A permanent injunction pursuant to Fed. R. Civ. P. 65 enjoining Tribal Defendants from further proceedings involving the City's operation of the Project in Tribal Court;

  D. To the extent permitted by law, for an award of attorneys' fees and costs incurred; and

  E. For such other relief as may be just and proper.

DATED this 7th day of February, 2022.

          K&L GATES LLP


          By: /s/ Kari L. Vander Stoep
           Kari L. Vander Stoep, WSBA # 35923
           Christina A. Elles, WSBA # 51594
          925 Fourth Avenue
          Suite 2900
          Seattle, Washington  98104-1158
          Tel: +1 206 623 7580
          Fax: +1 206 623 7022
          Email: kari.vanderstoep@klgates.com
          Email: christina.elles@klgates.com

          Attorneys for Plaintiff
          THE CITY OF SEATTLE

PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF
CASE NO.             - 13

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022