FILED

FEB 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELILE ADAMS,<br><br>　　　　Petitioner-Appellant,<br><br>　v.<br><br>RAYMOND G DODGE, Jr., Nooksack Tribal Court Chief Judge; et al.,<br><br>　　　　Respondents-Appellees,<br><br>　and<br><br>BILL ELFO, Whatcom County Sheriff; WENDY JONES, Whatcom County Chief of Corrections,<br><br>　　　　Respondents. | No.　21-35490<br><br>D.C. No. 2:19-cv-01263-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted February 10, 2022[**]
Seattle, Washington

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  BYBEE, BEA, and CHRISTEN, Circuit Judges.

Petitioner Elile Adams appeals the district court's order dismissing, for failure to exhaust tribal remedies, her 25 U.S.C. § 1303 habeas petition seeking relief from a Nooksack Tribal Court warrant.  Reviewing "questions of tribal court jurisdiction and exhaustion of tribal court remedies de novo and factual findings for clear error," *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200 (9th Cir. 2013), we affirm.  Because the parties are familiar with the facts, we recite only those necessary to decide the appeal.

Prior to turning to federal court, habeas petitioners must exhaust the remedies available to them in tribal court.  *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856–57 (1985).  However, exhaustion of tribal remedies is not required "where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith . . . or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Boozer v. Wilder*, 381 F.3d 931, 935 (9th Cir. 2004) (alteration in original) (quoting *Nat'l Farmers Union*, 471 U.S. at 856 n.21).  Exhaustion is also "not required where the action is patently violative of express jurisdictional prohibitions, or it is otherwise plain that the tribal court lacks

jurisdiction over the dispute, such that adherence to the exhaustion requirement would serve no purpose other than delay." *Id.* (internal quotation marks and citation omitted).

Adams first argues that she was not required to exhaust her tribal court remedies because Nooksack Tribal Court Chief Judge Dodge and the Nooksack Tribal Court acted in bad faith by: (1) *sua sponte* initiating a parenting action against her; (2) ignoring a 2015 state court parenting order and its jurisdictional impact; (3) harassing her by requiring her to appear before Dodge at least twenty times in two years; (4) issuing a warrant for her arrest and causing her to be imprisoned because of her failure to appear at a July 11, 2019 hearing despite her public defender's appearance on her behalf; (5) rejecting her habeas corpus counsel's appearance before the Tribal Court; and (6) refusing to consider her pro se habeas corpus petition upon the ex parte advice of one of Respondents' counsel.

Adams has not met her burden of demonstrating that due to bad faith she need not exhaust tribal remedies. Although Judge Dodge did not recuse himself from Adams's ongoing criminal matter until after Adams filed a motion for his disqualification, the fact remains that Judge Dodge appointed Pro Tem Judge Majumdar to preside over her criminal proceedings and Adams has not explained why she cannot receive a fair hearing from Judge Majumdar. Moreover, the

criminal charges Adams faces were brought with an objectively reasonable expectation of obtaining a conviction following a police investigation. Petitioner also argues that the tribal court wrongly refused to consider her tribal habeas petition, but the tribal court rejected that filing because her attorney was not licensed to practice before the tribal court and failed to pay the proper filing fee.

Adams next argues that she was not required to exhaust her tribal court remedies because she was arrested on off-reservation allotted land, and the Nooksack Tribal Court lacked criminal jurisdiction to arrest her. Specifically, she asserts the Nooksack Tribal Court plainly lacks criminal jurisdiction because, consistent with Congress's passage of Public Law 280 in 1953, Pub. L. No. 83-280, 67 Stat. 588 (1953) (codified as amended at 25 U.S.C. § 1321), Washington state assumed exclusive criminal jurisdiction over tribal lands by passing Revised Code of Washington (RCW) section 37.12.010.

We disagree. As an initial matter, it is well established that, although "Congress has plenary authority to limit, modify or eliminate the powers of local self-government which the tribes otherwise possess," Indian tribes "have power to make their own substantive law in internal matters and to enforce that law in their own forums." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55–56 (1978) (citation omitted).

Here, Adams fails to show that Washington state's jurisdiction is exclusive. Public Law 280 and RCW section 37.12.010 establish only that Washington state has jurisdiction; there is no language in either Public Law 280 or RCW section 37.12.010 that divests the Nooksack Tribal Court of jurisdiction. The decisions that Adams cites likewise establish only that Washington state has jurisdiction over off-reservation allotted lands; they do not address whether Washington state has exclusive jurisdiction or whether tribes have concurrent jurisdiction over such lands. *See, e.g.*, *State v. Cooper*, 928 P.2d 406, 410–11 (Wash. 1996); *State v. Clark*, 308 P.3d 590, 593–95 (Wash. 2013).

Indeed, the Washington Supreme Court has stated in dicta that tribal and state courts generally have concurrent jurisdiction over criminal cases: "Both the state and a tribe may have jurisdiction in any given criminal case, and prosecution by one does not bar the other from also charging an offender with a crime arising out of the same conduct." *State v. Shale*, 345 P.3d 776, 779 (Wash. 2015) (citing *State v. Moses*, 37 P.3d 1216 (Wash. 2002)); *see Moses*, 37 P.3d at 1218. *But see Clark*, 308 P.3d at 596.

In addition, "Public Law 280 is not a divestiture statute." *Native Vill. of Venetie I.R.A. Council v. Alaska*, 944 F.2d 548, 560 (9th Cir. 1991) (reviewing legislative history of Public Law 280 and noting that "Congress's primary

5

motivation in enacting the legislation seems to have been a desire to remedy the lack of adequate criminal-law enforcement on some reservations. . . . In short, Public Law 280 was designed not to supplant tribal institutions, but to supplement them.").

Adams counters that a Washington State Office of the Attorney General opinion is dispositive of the jurisdiction issue. In a 1963 opinion and response to a local prosecuting attorney's question regarding the exclusivity of state jurisdiction, then-Attorney General John O'Connell opined that, "to the extent that the state of Washington has assumed criminal and civil jurisdiction pursuant to § 1, chapter 36, Laws of 1963, [which amended RCW section 37.12.010,] that jurisdiction is exclusive." 1963 Wash. Att'y Gen. Op. No. 68 (Nov. 8, 1963) (the "1963 Attorney General's Opinion").

But the 1963 Attorney General's Opinion is not controlling authority. *See Cedar Shake & Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 625 (9th Cir. 1993) ("Although [o]pinions of the [state] Attorney General are . . . generally regarded as highly persuasive, we are not bound by them." (alterations in original) (internal quotation marks and citation omitted)); *Skagit Cnty. Pub. Hosp. Dist. No. 304 v. Skagit Cnty. Pub. Hosp. Dist. No. 1*, 305 P.3d 1079, 1082 (Wash. 2013). As the 1963 Attorney General's Opinion itself acknowledged, "a legal determination

of the exact nature and extent of [jurisdiction] presently possessed by an Indian tribe within the state of Washington in view of the 1963 legislation for purposes of internal self-government is a federal question which cannot be resolved by the attorney general of the state of Washington." Op. No. 68. Adams cites no authority—let alone persuasive or controlling authority—adopting the 1963 Attorney General's Opinion in the nearly 60 years since it was issued.

Thus, Adams cannot show that the Nooksack Tribal Court "plainly" lacks jurisdiction. *See Boozer*, 381 F.3d at 935.[1]

**AFFIRMED.**[2]

---

[1] Because Adams is not excused from exhausting her tribal court remedies—and thus fails to satisfy a prerequisite to our exercise of jurisdiction—we need not decide whether Dodge and Majumdar are the proper respondents or are otherwise entitled to judicial immunity. *See Grand Canyon Skywalk Dev.*, 715 F.3d at 1200.

[2] We DENY Dodge and Majumdar's motion to take judicial notice (ECF No. 11).